**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    No. CV 06-0250 JP/LCS
                                             CR 02-1592 JP

BRIAN MADDOX,

        Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

        This matter is before the Court on Defendant's Motion To Vacate Judgment Denying 28 U.S.C. § 2255 (CV Doc. 10; CR Doc. 80) filed March 5, 2009.  Defendant invokes Fed. R. Civ. P. 60(b) as the statutory basis for his motion.  He seeks relief from the order (CV Doc. 9; CR Doc. 79) entered on August 8, 2006, that dismissed his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  As grounds for the current motion, Defendant asserts that the Supreme Court's recent decision in *Chambers v. United States*, 129 S. Ct. 687 (2009), announced a new retroactive rule of constitutional law that requires reduction of his sentence.

        Defendant alleges that his sentence was enhanced under the Armed Career Criminal provisions of U.S.S.G. § 4B1.4, relating to 18 U.S.C. 924(e).  This Guidelines section, in pertinent part, specifies a sentence enhancement for a defendant who has committed three prior violent felonies.  Defendant's presentence report identified three prior convictions for violent felonies.  One of the prior convictions was for escape from jail, although Defendant's actual offense was failure to report to jail.  In *Chambers*, the Supreme Court ruled that failure to report is not a violent (escape) felony for sentencing purposes under the Guidelines.  *See Chambers*, 129 S. Ct. at 691-93.

        As noted above, Defendant previously filed a § 2255 motion.  He argues that the current

motion is not a a second or successive § 2255 motion, and he purports to seek relief only from the order dismissing his § 2255 motion.  Nonethleless, the motion implicitly seeks a reduced sentence, which would require revisiting the underlying judgment, and is therefore a second or successive petition.

> Under *Gonzalez*[ *v. Crosby*, 545 U.S. 524 (2005)], a [Fed. R. Civ. P.] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. . . .  or . . . challenges a defect in the integrity of the federal habeas proceeding . . . that . . . lead[s] inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citation omitted).  Because Defendant's motion constitutes a second or successive § 2255 motion under either of the standards described in *Spitznas*, the Court construes it as a § 2255 motion.  *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (approving district court's recharacterization, without notice to Defendant, of a petition as a § 2255 motion where Defendant had filed a previous § 2255 motion).

According to the terms of § 2255, a defendant may not prosecute a second or successive motion unless the appropriate court of appeals has authorized the filing.  Because the instant § 2255 motion is not accompanied by an authorizing order, this Court must determine whether to transfer the motion to the Court of Appeals for the Tenth Circuit, *see Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631, or, in the interest of justice, dismiss it without prejudice for lack of jurisdiction, *see In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court may properly dismiss the motion if the claims are time-barred, lack merit, or are not filed in good faith.  *See Cline*, 531 F.3d at 1251-52.

Defendant's motion asserts a single ground for relief, namely, that the *Chambers* decision announced a new retroactive rule of constitutional law.  *See* § 2255(h)(2).  To the contrary, whether

a prior "conviction was a 'violent felony' under the ACCA . . . . [is] only a matter of statutory interpretation." *United States v. Christensen*, 456 F.3d 1205, 1206 (10th Cir. 2006). The *Chambers* opinion contains no language making the decision retroactive. *See Chambers*, 129 S. Ct. 687 *passim*. Because Defendant's allegations do not implicate "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," § 2255(h)(2), it is unlikely that the Court of Appeals would authorize the filing of Defendant's motion as a successive petition. It thus appears that "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer." *Cline*, 531 F.3d at 1252. Defendant's motion to vacate judgment will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion To Vacate Judgment Denying 28 U.S.C. § 2255 (CV Doc. 10; CR Doc. 80) filed March 5, 2009, construed herein as a second or successive motion under 28 U.S.C. § 2255, is DISMISSED without prejudice for lack of jurisdiction;

IT IS FURTHER ORDERED that, in accordance with rule 58(a) of the Federal Rules of Civil Procedure, *see United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____

UNITED STATES DISTRICT JUDGE